**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Roderick Tyler Kamalo,<br>Petitioner<br>-vs-<br>Lance R. Hetmer, et al.,<br>Respondents. | CV-11-1138-PHX-FJM (JFM)<br><br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Tucson, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 6, 2011 (Doc. 1).  On September 15, 2011, Respondents filed their Limited Answer (Doc. 11).  Petitioner has not filed a Reply.

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

In June and July, 2005 Petitioner and others were involved in a series of armed robberies of homes that were drop houses for marijuana, using DEA uniforms for cover.

(Exhibit H, Mem. Dec. at 1-6.) (Exhibits to the Answer, Doc. 11, are referenced herein as "Exhibit __.")

**B. PROCEEDINGS AT TRIAL**

On September 30, 2005, Petitioner and 3 others were indicted in the Maricopa County Superior Court, Case CR 2005-013230-004. Charges against Petitioner included: two counts of conspiracy to commit armed robbery; one count of assisting a criminal syndicate; and one count of misconduct involving weapons. (Exhibit A, Indictment.)

On February 24, 2006, Petitioner and a different co-defendant were indicted in the Maricopa County Superior Court, Case CR 2006-006288-001, on three counts of armed robbery, and one count of burglary. (Exhibit B, Indictment.)

The state moved to consolidate the two matters for trial (Exhibit C), and the trial court granted the motion, finding that the charges arose out of a common scheme and plan. (Exhibit E, M.E. 11/20/6.)

Petitioner proceeded to a jury trial, and was convicted on all counts, including: three counts of armed robbery; one count of burglary; two counts of conspiracy to commit burglary; one count of assisting a criminal syndicate; and one count of misconduct involving weapons. (Exhibit F, M.E. 2/23/06.)

> The judge sentenced Appellant to aggravated terms of fifteen years on each of the three armed robbery convictions, and presumptive terms of ten and one-half years on the first-degree burglary conviction, four and one-half years on the assisting a criminal syndicate conviction, and four and one-half years on the misconduct involving weapons conviction, all terms to be served concurrently. The judge sentenced Appellant to mitigated sentences of five years on each of the conspiracy convictions, each to be served consecutively to the other sentences, and consecutive to one another.

(Exhibit H, Mem. Dec. at 6-7.)  Combined, Petitioner is serving a total of 25 years in prison.

### C. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal, asserting claims that:

1. the trial court abused its discretion in consolidating the offenses for trial;
2. the two conspiracy counts, counts 5 and 6 were multiplicitous;
3. the armed robbery sentence was improperly enhanced with an element used to make the offense a "dangerous offense"; and
4. the presentence incarceration credits were improperly calculated.  (Exhibit I, Opening Brief.)

The Arizona Court of Appeals vacated the conviction and sentence on Count 6, finding the offenses multiplicitous because there was only one conspiracy alleged, and corrected the presentence incarceration credits.  (Exhibit H, Mem. Dec.)

Petitioner then sought review by the Arizona Supreme Court (Exhibit K, PFR), which was summarily denied.  (Exhibit M, Order 9/23/9.)

### D. PROCEEDINGS ON POST-CONVICTION RELIEF

Petitioner then filed a Notice of Postconviction Relief (Exhibit N), and counsel filed a Petition for Post-Conviction Relief (Exhibit O), arguing that:

1. Petitioner's federal Due Process rights were violated when the trial court appointed counsel for a defense witness; and
2. trial and appellate counsel were ineffective for failing to object to that appointment.

The PCR court found Petitioner's first claim "precluded" under Arizona Rule of Criminal Procedure 32.2, and that the second claim was without merit. (Exhibit Q, M.E. 7/12/10.)

Petitioner asserts that he appealed his "First petition" and "Second Petition" to the Arizona Court of Appeals. (Petition, Doc. 1 at 5.) However, Petitioner has provided no record of any such proceedings beyond his first PCR Petition. The records provided by Respondents reflect no such proceedings. Accordingly, the undersigned finds that Petitioner filed only one PCR petition, and that he sought no review from its denial.

**E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 6, 2011 (Doc. 1). Petitioner's Petition asserts the following five grounds for relief:

1. **Ineffective Assistance**  - ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment right;

2. **Consolidation** - violation of his Sixth and Fourteenth Amendment rights based on consolidation of charges;

3. **Double Jeopardy** - violation of his Sixth and Fourteenth Amendment rights where he was convicted twice of the same offense in violation of double jeopardy;

4. **Aggravation of Sentence** - the elements of the crime of armed robbery were unlawfully used to aggravate his sentence for that offense; and

5. **Actual Innocence** - violation of his Fourteenth Amendment rights by conviction despite his actual innocence.

**Response** - On September 15, 2011, Respondents filed their Limited Answer (Doc. 11). Respondents argue that: Ground 3 is moot; Grounds 2, 4, and 5 fail to state cognizable federal claims; and Grounds 1, 2, and 4 are procedurally defaulted; and Ground 5 is unexhausted.

**Reply** – Petitioner was given 30 days from service of the Answer to file a reply. (Order 6/14/11, Doc. 3 at 3.) Petitioner has not replied.

### III. APPLICATION OF LAW TO FACTS

**A. GROUNDS 1, 2, 4 and 5 - EXHAUSTION & PROCEDURAL DEFAULT**

Respondents contend that Grounds 1 (Ineffective Assistance), 2 (Consolidation), 4 (Aggravation of Sentence), and 5 (Actual Innocence) were never fairly presented to the state courts and all but Ground 5 are now procedurally defaulted and barred from federal habeas review. (Answer, Doc. 11 at 21 *et seq.*) As to Ground 5, Respondents contend that Petitioner's remedies are simply unexhausted. As to Ground 3 (Mulitiplicity), Respondents concede the claim was exhausted, but assert it is now moot because of the relief granted by the Arizona Court of Appeals. (*Id.* at 11 *et seq.*)

Petitioner argues Ground 1 was presented in his first PCR (Petition, Doc. 1 at 6), Grounds 2 and 4 were presented on direct appeal (*id.* at 7, 9). He asserts that his failure to present Ground 5 was his lawyer's failing (*id.* at physical 9).

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been

5

codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim.  *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32."  *Roettgen v. Copeland,*  33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'"  *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented."  That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.  28 U.S.C. § 2254;  *Picard v. Connor,* 404 U.S. 270, 276-277 (1971).  A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based.  *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

/ /

/ /

**2. Application to Petitioner's Claims**

**Ground 1 (Ineffective Assistance)** - Here, Petitioner's only foray to the Arizona Court of Appeals was on direct appeal. He asserted no claim of ineffective assistance of counsel in that proceeding. Accordingly, Ground 1 was not properly exhausted.

**Ground 2 (Consolidation)** – In Ground 2, Petitioner asserts the charges against him were consolidated for trial in violation of his 6th and 14th Amendment rights. On direct appeal, he argued that the trial court abused its discretion in consolidating the offenses for trial. (Exhibit I, Opening Brief at 27, *et seq.*) However, he cited only state authorities in support of that argument, relying on Arizona Rules of Evidence 404 and 403, and Arizona Rule of Criminal Procedure 13.3. (*Id.*) The Arizona Court of Appeals disposed of the claim on the basis of the latter rule and related state authorities. (*Id* at 7-10.)

Failure to alert the state court to the constitutional nature of the claim amounts to failure to exhaust state remedies. *Duncan v. Henry*, 513 U.S. at 366. While the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor*, 404 U.S. 270, 277-78 (1971) (quoting *Daugherty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*).

Accordingly, Petitioner has never fairly presented to the Arizona Court of Appeals the federal constitutional claims he asserts in Ground 2, and thus Ground 2 was not properly exhausted.

**Ground 4 (Aggravation of Sentence**) - In his Ground 4, Petitioner argues that his 6th and 14th Amendment rights were violated when an element of the offense (*i.e.* the

7

threat of injury) was used to enhance his sentence. (Petition, Doc. 1 at 9.) On direct appeal, Petitioner argued that the armed robbery sentence was improperly enhanced with an element used to make the offense a "dangerous offense". However, in making that argument, Petitioner never raised the constitutional claims he now raises. Instead, he relied solely upon constructions of the state sentencing statutes, and related state authorities. (Exhibit I, Opening Brief at 47-50).

Accordingly, Petitioner has never presented to the Arizona Court of Appeals, the federal constitutional claims he asserts in Ground 4, and thus Ground 4 was not properly exhausted.

**Ground 5 (Actual Innocence)** – In his Ground 5, Petitioner argues that he is actually innocent, and thus held in violation of the Fourteenth Amendment. (Petition, Doc. 1 at physical 9.) Petitioner never asserted such a claim to the Arizona Court of Appeals, and thus his Ground 5 was not properly exhausted.

**3. Procedural Default**

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims

8

in Grounds 1, 2, and 4 to the state courts, and thus they are procedurally defaulted. Respondents generally rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time bar, set out in Ariz. R. Crim. Proc. 32.4(a). (Answer, Doc. 11 at 22.)

As to Ground 5, Respondents acknowledge that the "Arizona Rules of Criminal Procedure specifically exempt actual innocence claims from the time limitations and preclusion rules, and permit a defendant to raise such claims at any time." (Doc. 11 at 27.) Accordingly, they argue this claim is simply unexhausted.

Because at least one of Petitioner's claims is unexhausted and not procedurally defaulted, the Court need not analyze whether the others are procedurally defaulted, or simply unexhausted.

### 4.  Effect of Mixed Petition

Here, Petitioner's petition contains a mix of exhausted (Ground 3)[1], unexhausted (Ground 5), and purportedly procedurally defaulted (Grounds 1, 2 and 4) claims. "Federal district courts must dismiss mixed habeas petitions." *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (rejecting Ninth Circuit mandate for advising *pro se* petitioner of potential of dismiss and stay approach).  Petitioner has not sought leave to dismiss his unexhausted Ground 5, and thus dismissal of the entire petition, without prejudice, is appropriate.

### 5. Stay and Abeyance

The undersigned notes that a stay and abeyance approach may be utilized to avoid

---

[1] Respondents argue that Ground 3 is moot. Because the petition is a mixed petition, the undersigned does not reach whether the claim is moot.

the effect of an expiring statute of limitations in the interim between the filing of a timely mixed petition dismissed as a mixed petition, and the filing of a second exhausted petition. *See Rhines v. Weber*, 544 U.S. 269 (2005). However, that process is limited to situations where the petitioner has shown good cause for failure to exhaust his claims and that the claims are potentially meritorious. *Id.* at 277.

Petitioner has not sought such a process.

Further, Petitioner's only purported explanation for his failure to exhaust his Ground 5 was his attorneys' failure to do so on appeal. However, that does not explain Petitioner's failure to raise the claim on his own in a subsequent PCR proceeding, an avenue that remained and remains open to him.

Moreover, to the extent that Plaintiff would continue to reassert an exhausted claim of actual innocence, 28 U.S.C. § 2254(d)(1) provides that habeas relief may be granted on an adjudicated state prisoner's claim only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The Supreme Court has not yet recognized actual innocence as a grounds for habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400-401 (1993). *See also Jackson v. Calderon*, 211 F.3d 1148, 1164-65 (9th Cir. 2000) (pointing out that *Herrera* did not foreclose a free-standing claim of actual innocence, and a majority assumed that such a claim existed).

Accordingly, the undersigned finds no basis to stay consideration of the Petition pending exhaustion of Petitioner's remedies on his unexhausted actual innocence claim.

### IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires

that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth

11

herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed June 6, 2011 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's

1  right to appellate review of the findings of fact in an order or judgment entered pursuant
2  to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-
3  47 (9th Cir. 2007).

Dated: March 2, 2012

                                                    James F. Metcalf
                                                    United States Magistrate Judge

11-1138r RR 12 02 23 on HC.docx